UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBRANNY JOSE MORENO BLONDELL,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2291

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE), initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.13.)

In an Order entered on August 18, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

June 25, 2026, bond hearing on August 20, 2026. (Resp., ECF No. 6; Recording of Jun. 25, 2026, Bond Hearing, filed on Aug. 20, 2026.)

**II. Relevant Factual Background**

Petitioner is a citizen of Venezuela who entered the United States in 2023. Op., *Moreno Blondell v. Unknown Party* (*Moreno Blondell I*), No. 1:26-cv-1802 (W.D. Mich. Jun. 18, 2026) (ECF No. 12). On April 23, 2026, Petitioner was arrested by ICE agents. *Id.*

On June 8, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Moreno Blondell I*. In *Moreno Blondell I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Moreno Blondell I*, (W.D. Mich. Jun. 18, 2026), (ECF Nos. 12, 13).

On June 25, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Moreno Blondell I*, (W.D. Mich. Jun. 29, 2026), (ECF No. 14-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." *Id.*

**III. Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on June 25, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 25, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge